UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAMERON B. FOSTER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:05CV658-DJS |
| EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, | ) ) ) ) |
| Defendant. | ) |

### ORDER

Pro se plaintiff Cameron Foster filed this Freedom of Information Act ("FOIA")/Privacy Act, 5 U.S.C. §§ 552, 552a, claim against defendant Executive Office for United States Attorneys ("EOUSA") seeking the disclosure of all its records concerning plaintiff's criminal case prosecuted by the United States Attorney's Office for the Eastern District of Missouri ("USAO/EDMO"). Now before the Court is defendant EOUSA's motion for summary judgment [Doc. #12]. Plaintiff has not opposed the motion.

### Background

All matters set forth in EOUSA's statement of uncontroverted material facts not specifically controverted by plaintiff are deemed admitted for the purpose of summary judgment. E.D.Mo. L.R. 7-4.01(E). The Court has viewed the facts in a light

most favorable to the non-movant, observed the local rule as stated above, and construed plaintiff's pro se filings liberally.  The following facts are thereby established for purpose of the summary judgment motion.

In a May 25, 2004 letter to EOUSA, plaintiff requested "all records and documents in [defendant's] files associated with [plaintiff's] name and identification number.  Any and all, interview reports, interview notes, reports of investigation, laboratory reports (Drug Analysis), all fingerprint documents, any information in [defendant's] files concerning confidential sources."  (Def.'s Ex. A [Doc. #15-3] at 1.)  EOUSA acknowledged plaintiff's request in a July 2, 2004 letter and explained its system for processing requests.  In response, plaintiff, by letter dated July 7, 2004, narrowed his request to the "Jury Instructions in [his] criminal case, a copy of the verdict form, all Laboratory Reports, Interview Notes, Reports of Investigation, any information in the files concerning Drug Analysis[,] Confidential Sources, [and fingerprints]."  (Def.'s Ex. C [Doc. #15-3] at 4.)

Upon receipt of plaintiff's request, EOUSA sent it to the USAO/EDMO for a search of its records relating to plaintiff.  Karen S. Schroeder, FOIA coordinator of the USAO/EDMO, performed the search.  EOUSA processed the request under both the Freedom of

Information and Privacy Acts.  By letter dated October 15, 2004, EOUSA responded to plaintiff's request, releasing twenty-one pages in full and withholding twenty-four pages in full.  By letter dated February 10, 2006, EOUSA released an additional four pages in full and twelve pages in part to plaintiff.

## **Discussion**

For this Court to have jurisdiction to provide relief to a plaintiff, the requested documents must have been "improperly held" by an agency.  5 U.S.C. § 552(a)(4)(B); <u>Kissinger v. Reporters Comm. for Freedom of the Press</u>, 445 U.S. 136, 150 (1980).  "Summary judgment is available to the defendant in a FOIA case when the agency proves that it has fully discharged its obligations under FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester."  <u>Miller v. U.S. Dept. of State</u>, 779 F.2d 1378, 1382 (8th Cir. 1985).  EOUSA must show that it performed a reasonable search for the requested documents beyond a material doubt.  <u>Id.</u>  EOUSA submitted an affidavit from a paralegal specialist showing that a reasonable search was performed.  *See* <u>id.</u>

The Privacy Act, 5 U.S.C. § 552a(j)(2), exempts from mandatory disclosure records maintained by an agency or component thereof which performs as its principal function any activity

pertaining to the criminal laws. Plaintiff's records from the criminal case file of the USAO/EDMO were compiled for law enforcement purposes and are exempt from mandatory disclosure. 5 U.S.C. § 552a(j)(2); see also 28 C.F.R. § 16.81 (exempting Criminal Case Files).

EOUSA disclosed a total of twenty-five pages in full and twelve pages in part. EOUSA cites two FOIA sections in support of its redactions and refusals to disclose. EOUSA withheld documents which it asserts would qualify under a work product privilege pursuant to 5 U.S.C. § 552(b)(5) (excluding documents not ordinarily available in litigation with the agency). EOUSA also redacted portions of pages and withheld entire pages which allegedly contain the identities of and personal information about third party individuals, special federal agents, government employees, and local law enforcement personnel as unreasonable invasions of the individuals' personal privacy, pursuant to § 552(b)(7)(C). EOUSA lists each withheld document and redaction in a Vaughn Index attached to an EOUSA attorney advisor's affidavit and properly offers a justification for each action. *See* <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973); <u>Miller v. U.S. Dept. of State</u>, 779 F.2d 1378, 1387 (8th Cir. 1985). Without argument from plaintiff, the Court is persuaded as a matter of law that EOUSA has fully discharged its obligations under FOIA and that plaintiff will

be unable to show that the documents at issue were improperly withheld.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. #13] is granted.


Dated this ___19th___ day of April, 2006.

                                            /s/Donald J. Stohr
                                            UNITED STATES DISTRICT JUDGE